IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | 1:11-cv-01996 BAM (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| A. ANDERSON, et al, | (ECF No. 7) |
| Defendants. | |
| _____/ | |

On July 26, 2012, plaintiff filed a motion seeking the appointment of counsel and requesting a case summary status. Plaintiff is informed that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts. Due to the heavy caseload, Plaintiff's complaint is still awaiting screening. The Court is aware of the pendency of this case and will screen Plaintiff's complaint in due course.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court

1  for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in
2  certain exceptional circumstances the court may request the voluntary assistance of counsel
3  pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.
4        Without a reasonable method of securing and compensating counsel, the court will seek
5  volunteer counsel only in the most serious and exceptional cases.  In determining whether
6  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
7  of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
8  complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).
9        In the present case, the court does not find the required exceptional circumstances.  Even
10  if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
11  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
12  similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a
13  determination that plaintiff is likely to succeed on the merits.  Plaintiff is attempting to bring
14  claims based upon supervisory liability and denial of his inmate appeal for several instances in
15  which he was denied his religious meal.  The legal issues to be addressed are not complex and,
16  based on a review of the record in this case, the court does not find that plaintiff cannot
17  adequately articulate his claims with assistance of the court.  Id.
18        For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
19  DENIED, without prejudice.

21        IT IS SO ORDERED.
22   Dated:   **July 30, 2012**                    **/s/ Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE