UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>            Plaintiff,<br><br>     v.<br><br>A. ANDERSON, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-01996-BAM PC<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS ATTORNEY REPRESENTATION<br>(ECF No. 9)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 9.) |

Plaintiff Brady K. Armstrong ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 31, 2012, the Court denied Plaintiff's request for the appointment of counsel. (ECF No. 8.) On May 29, 2013, Plaintiff filed a motion for class certification and a motion for appointment of class counsel. (ECF No. 9.) Thereafter, on June 5, 2013, the Court screened Plaintiff's complaint, filed on December 2, 2011, and found that it stated cognizable First Amendment and Eighth Amendment claims against Defendants Anderson and Adams, but failed to state any other cognizable claims. The Court also informed Plaintiff that he could not allege claims on behalf of other inmates. Plaintiff was given an opportunity to file an amended complaint curing the deficiencies identified by the Court in its screening or to notify the Court of his willingness to proceed only against Defendants Anderson and Adams for violations of the

1  First Amendment and Eighth Amendment. (ECF No. 10.) On June 27, 2013, Plaintiff filed a notice of
2  his willingness to proceed on his cognizable claims. (ECF No. 11.)

3  As noted in the screening order, Plaintiff purported to bring this action on behalf of himself
4  and inmates R. Suell, A. Jase, R. Williams, L. Jones, G. Barnes and others as a class action. The Court
5  informed Plaintiff that he could not bring claims on behalf of other inmates. See Simon v. Hartford
6  Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself pro se . . . is
7  personal to the litigant and does not extend to other parties or entities."); McShane v. United States,
8  366 F.2d 286, 288 (9th Cir. 1966) (pro se plaintiff has no authority to appear as an attorney for others).
9  Based on Plaintiff's notice to the Court of his willingness to proceed on the claims found cognizable,
10 which did not include any claims brought on behalf of other inmates, Plaintiff's motion for class
11 certification is no longer necessary. Accordingly, Plaintiff's motion for class certification and his
12 motion for appointment of class counsel should be denied as moot.

13 Insofar as Plaintiff merely seeks to renew his motion for the appointment of counsel, the Court
14 finds no basis to alter its prior denial of counsel. As previously explained to Plaintiff, he does not
15 have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525
16 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §
17 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296,
18 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may
19 request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

20 Without a reasonable method of securing and compensating counsel, the court will seek
21 volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional
22 circumstances exist, the district court must evaluate both the likelihood of success of the merits [and]
23 the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues
24 involved." Id. (internal quotation marks and citations omitted).

25 At this time, the Court does not find the required exceptional circumstances. Even if it is
26 assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if
27 proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases
28 almost daily. Further, at this early stage in the proceedings, the court cannot make a determination

that plaintiff is likely to succeed on the merits.  Plaintiff is pursuing claims for violations of the First Amendment and Eighth Amendment for several instances in which he was denied his religious meals. The legal issues to be addressed are not complex and, based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims.  Id.  Accordingly, Plaintiff's motion for the appointment of counsel should be denied without prejudice.

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for class certification and motion requesting court appoint class attorney representation, filed on May 29, 2013, are DENIED AS MOOT;
2. Plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **July 5, 2013**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE