IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY ARMSTRONG,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>A. ANDERSON, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:11-cv-01996-LJO-BAM (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER, AND STAY DISCOVERY AND DISPOSITIVE MOTIONS PENDING OUTCOME OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 46) |

**I.   Procedural Background**

Plaintiff Brady K. Armstrong ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This matter proceeds on Plaintiff's complaint against Defendants Anderson and Adams for violations of the First and Eighth Amendments.

On July 5, 2013, the Court screened Plaintiff's complaint and found service appropriate for Defendants Anderson and Armstrong. (ECF No. 13.)

On October 14, 2013, Defendant Adams filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 16.) Plaintiff opposed the motion on December 12, 2013, and Defendant Adams replied on December 19, 2013. (ECF Nos. 24, 27.)

1

On April 11, 2014, following the Ninth Circuit's decision in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014), the Court struck Defendant Adams' motion to dismiss from the record and directed Defendants to file a responsive pleading within thirty days. (ECF No. 32.)

On April 24, 2014, Defendants filed an answer. (ECF No. 34.) Thereafter, on April 25, 2014, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the deadline to file any motion for summary judgment for failure to exhaust administrative remedies was July 25, 2014, the deadline to complete discovery is December 25, 2014, and the deadline to file dispositive motions is March 5, 2015. (ECF No. 35.)

On July 21, 2014, Defendant Adams filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 38.) Plaintiff failed to file a timely response. Accordingly, on November 3, 2014, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the motion for summary judgment within twenty-one days. The Court warned Plaintiff that the failure to comply with the order would result in dismissal of this action, with prejudice, for failure to prosecute. (ECF No. 45.)

On November 14, 2014, Defendants Anderson and Adams filed the instant motion requesting modification of the Discovery and Scheduling Order to stay the discovery and dispositive motion deadlines in this action pending the outcome of Defendant Adams' motion for summary judgment. Defendants believe that it would be a waste of resources to conduct discovery during pendency of the motion for summary judgment because it is unclear what issues and defendants will remain in this case. Defendants also indicate that this action may be dismissed if Plaintiff fails to file an opposition or statement of non-opposition. (ECF No. 46.)

The Court finds a response unnecessary and the motion is deemed submitted.[1]  Local Rule 230(l).

**II.     Standard**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers

---

[1] Plaintiff will not be prejudiced by the inability to file a response because granting the motion will benefit all parties to this action and preserve judicial economy.

the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

### III. Discussion

The Court finds good cause to vacate the discovery and dispositive motion deadlines in this action pending resolution of the motion for summary judgment. Defendants have been diligent in their litigation of this action. Defendants first filed a motion to dismiss for failure to exhaust in October 2013. However, pursuant to the Ninth Circuit's ruling in Albino v. Baca, the motion to dismiss was stricken from the record. Thereafter, consistent with the holding in Albino and the Discovery and Scheduling Order in this matter, Defendant Adams filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.

Pending resolution of the motion for summary judgment, it is unclear what issues and defendants will remain in this case. Further, this action may be dismissed for failure to prosecute if Plaintiff fails to file an opposition or statement of non-opposition. Accordingly, vacating the relevant scheduling order deadlines will promote both judicial economy and the preservation of the parties' resources. These deadlines shall be reset, if necessary and appropriate, following resolution of the pending motion for summary judgment.

### IV. Conclusion and Order

For the reasons discussed above, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the scheduling order and stay discovery and dispositive motions pending the outcome of Defendants' motion for summary judgment is GRANTED;
2. The deadlines to complete discovery and to file dispositive motions are VACATED; and

3. The deadlines to complete discovery and to file dispositive motions shall be reset as appropriate and necessary following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **November 18, 2014**        /s/ Barbara A. McAuliffe
                                                                UNITED STATES MAGISTRATE JUDGE