# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>    vs.<br><br>A. ANDERSON, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01996-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 45)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Brady K. Armstrong ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on December 2, 2011. This action proceeds Plaintiff's complaint against Defendants Anderson and Adams for violations of the First and Eighth Amendments to the United States Constitution.

On July 21, 2014, Defendant Adams filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. Plaintiff was provided with notification of the requirements for opposing a motion for summary judgment. (ECF Nos. 38-44.) Plaintiff did not file a timely opposition. Accordingly, on November 3, 2014, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the motion within twenty-one days. (ECF No. 45.) On November 25, 2014, the United States Postal Service returned the Court's order sent to Plaintiff as "Undeliverable, Does not live at this address."

On January 9, 2015, the Clerk of the Court updated Plaintiff's address pursuant to a Notice of Change of Address filed in another matter, *Armstrong v. Hedgpeth, et al.*, 1:11-cv-00761-LJO-GSA (PC).  (ECF No. 49.)  The Clerk of the Court also re-served the November 3, 2014 order directing Plaintiff to file an opposition to the motion for summary judgment within twenty-one days.  More than twenty-one days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

In determining whether to dismiss an action for lack of prosecution or for failure to obey court orders, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Here, the action has been pending more than three years.  Plaintiff is obligated to comply with the Local Rules and was informed by Defendant Adams of the need to oppose a motion for summary judgment.  Despite Plaintiff's duty to comply with all applicable rules and despite the previous issuance of the summary judgment notice by Defendant Adams, Plaintiff did not file a timely opposition.  Nonetheless, the Court permitted Plaintiff an opportunity to comply and to prosecute his case by ordering his opposition and extending the time for his compliance. Following re-service of the order, the Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal.

With regard to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing <u>Yourish</u>, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* In this instance, it is Plaintiff's failure to prosecute this case and to comply with the Local Rules and court orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

Because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (internal quotation omitted).

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case. Further, the Court warned Plaintiff that his failure to comply with the order directing him to file an opposition would result in "dismissal of this action, with prejudice, for failure to prosecute." (ECF No. 45.)

In summary, Plaintiff filed this action but is no longer prosecuting it. More than six months have passed since Defendant Adams filed his motion for summary judgment, and Plaintiff has not responded, despite being notified of the requirement to respond and the Court's order specifically directing him to respond. (ECF Nos. 38, 45.) The Court cannot afford to expend resources resolving unopposed dispositive motions in a case a plaintiff is no longer prosecuting. Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839, (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 6, 2015**        /s/ Barbara A. McAuliffe
                              UNITED STATES MAGISTRATE JUDGE