# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>       Plaintiff,<br><br>   v.<br><br>A. ANDERSON, et al.,<br><br>       Defendants. | 1:11-cv-01996-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 53) |

**I.     Procedural Background**

Plaintiff Brady K. Armstrong ("Plaintiff"), a former state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action proceeded on Plaintiff's complaint against Defendants Anderson and Adams for violations of the First and Eighth Amendments to the United States Constitution.

On July 21, 2014, Defendant Adams filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.  Plaintiff was provided with notification of the requirements for opposing a motion for summary judgment.  (ECF Nos. 38-44.)  Plaintiff did not file a timely opposition.  As a result, on November 3, 2014, the Magistrate Judge ordered Plaintiff to file an opposition or statement of non-opposition to the summary judgment motion within twenty-one days.  The Magistrate Judge warned Plaintiff that his failure to comply with the order would result in dismissal of this action, with prejudice, for failure to prosecute.  (ECF

1

No. 45.) On November 25, 2014, the United States Postal Service returned the Magistrate Judge's order as "Undeliverable, Does not live at this address."

On January 9, 2015, the Clerk of the Court updated Plaintiff's address pursuant to a Notice of Change of Address filed in another matter. (ECF No. 49.) The Clerk of the Court also re-served the Magistrate Judge's order requiring Plaintiff to file an opposition or statement of non-opposition to the summary judgment motion within twenty-one days. Plaintiff did not timely respond to the Magistrate Judge's order. Accordingly, on February 9, 2015, the Magistrate Judge issued Findings and Recommendations that this action be dismissed, with prejudice, based on Plaintiff's failure to prosecute and failure to obey a court order. The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. (ECF No. 50.) No objections were filed. Thereafter, on February 27, 2015, the undersigned adopted the Findings and Recommendations in full and dismissed this action, with prejudice, based on Plaintiff's failure to prosecute and failure to obey a court order. (ECF No. 51.) Judgment was entered the same date. (ECF No. 52.)

On March 16, 2015, Plaintiff filed the instant motion for an extension of time, which the Court construes as a motion for reconsideration of the order dismissing this action and entry of judgment. (ECF No. 53.)

**II.     Motion for Reconsideration**

A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment. United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e). Plaintiff filed his motion 17 days after entry of judgment.

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must

provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

Here, Plaintiff claims that reconsideration is warranted because he was in the hospital or homeless from August 2014 through January 2015. Plaintiff also claims that reconsideration is warranted because his legal mail was being wrongfully withheld at his sister's address and, at some unknown time, Plaintiff's nephew provided Plaintiff all withheld legal mail sent from this Court from December 2014 through January 15, 2015. Plaintiff also indicates that his mother passed away on February 1, 2015, and his son was hospitalized on March 1, 2015. Plaintiff requests that the Court reconsider his wrongfully dismissed action and allow him a 45-day extension to respond. (ECF No. 53.)

The Court has considered Plaintiff's moving papers, but does not find that they support relief under Rule 59(e) due to highly unusual circumstances. Although Plaintiff asserts that he did not receive any of the Court's orders issued between November 2014 and January 2015, this assertion does not explain Plaintiff's failure to respond to the Magistrate Judge's Findings and Recommendations regarding dismissal of this action, which were issued and served by mail to Plaintiff's updated address on February 9, 2015. According to the docket in this matter, Plaintiff made no effort to communicate with the Court or file objections following service of the Findings and Recommendations and he provides no explanation for his failure to do so.

Furthermore, Plaintiff's request for reconsideration provides no explanation as to why, in the first instance, he failed to respond to Defendant Adams' motion for summary judgment, which was filed and served on July 21, 2014. Plaintiff vaguely states that he was "within the hospital August 2014-January 2015 and or homeless," but he provides no details or evidentiary support for such statement. (ECF No. 53, p. 1.) Plaintiff also provides insufficient evidence to demonstrate that he was prevented from either responding to the motion for summary judgment or filing a request for an extension of time to respond after service in July 2014.

Additionally, Plaintiff does not explain why he made no effort to contact the Court regarding this action between July 2014 and March 2015. Based on the record in this case,

Plaintiff had the apparent ability to contact the Court in connection with a separate action, <u>Armstrong v. Hedgpeth, et al.</u>, 1:11-cv-00761-LJO-GSA, in January 2015.  (ECF No. 49.)

### III. **Conclusion and Order**

For the reasons stated, Plaintiff's motion for reconsideration, filed on March 16, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 3, 2015**                              /s/ Lawrence J. O'Neill
                                                                        UNITED STATES DISTRICT JUDGE